# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIRK ALEXANDER CURLS, | ) |
| Plaintiff, | ) |
| v. | ) 2:11-cv-00561-GMN-LRL |
| WAL-MART CORPORATION, et. al., | ) **O R D E R** |
| Defendants. | ) |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Although plaintiff filed the Complaint using the court's § 1983 civil rights complaint form, the court construes plaintiff's Complaint to allege a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* Plaintiff has attached to the Complaint the requisite Right to Sue notice from the U.S. Equal Employment Opportunity Commission, mailed on January 13, 2011. *See* 42 U.S.C. § 2000e-5(f)(1) (requiring notice of right to sue prior to bringing claim in federal court). As explained in the Right to Sue notice, plaintiff must file his case in federal or state court within 90 days of receipt of the notice, or his right to sue will be lost. Plaintiff does not state when he received the notice, but even assuming he received it the day after it was mailed, or June 14, 2011, he has filed the instant action within the deadline, albeit on the 89th day.

Plaintiff's Complaint must be dismissed because he has not set forth with particularity the specific facts that would entitle him to relief. While plaintiff alleges that three Wal-Mart employees engaged in racial discrimination, retaliation, and/or "quotas," he does not state when the alleged activities occurred or where. Nor does he indicate what his relationship is to the defendants. Although the court will dismiss the Complaint, plaintiff will be given an opportunity to amend his Complaint. Should plaintiff decide to file an amended complaint, it must cure the deficiencies listed above.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by June 22, 2011 or his case may be dismissed with prejudice.

DATED this 23rd day of May, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**