UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KIRK ALEXANDER CURLS,  )
                       )
         Plaintiff,    )
                       )   2:11-cv-00561-GMN-LRL
v.                     )
                       )   **O R D E R**
WAL-MART CORPORATION, et. al., )
                       )
         Defendants.   )
_____)

Before the court is plaintiff's Amended Complaint (#5). On April 13, 2011, plaintiff filed an Application (#1) to Proceed *In Forma Pauperis* and a Complaint using the court's § 1983 civil rights complaint. Attached to the complaint was a Right to Sue notice from the U.S. Equal Employment Opportunity Commission, mailed on January 13, 2011. The court construed plaintiff's Complaint to allege a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*, but dismissed the complaint because plaintiff had not set forth with particularity the specific facts that would entitle him to relief. Specifically the court stated, "While plaintiff alleges that three Wal-Mart employees engaged in racial discrimination, retaliation, and/or 'quotas,' he does not state when the alleged activities occurred or where. Nor does he indicate what his relationship is to the defendants." This court, therefore, dismissed the Complaint on May 23, 2011, and instructed plaintiff to amend the Complaint to cure the deficiencies listed by the court. Order (#3). *See Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1985).

Plaintiff timely filed a letter Amended Complaint (#5) on June 20, 2011, in which he addresses the factual deficiencies noted by the court. Unfortunately, plaintiff has not alleged or realleged the legal bases for his claims. Pursuant to Local Rule LR 15-1, an amended complaint must be complete in itself

without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Because plaintiff has set forth neither the claims, nor the legal bases for his claims, in the Amended Complaint (#5), it must be dismissed for failure to state a claim upon which relief can be granted. The court will, however, allow plaintiff a final opportunity to file an amended complaint, which must be complete in itself, and must set forth the legal and factual bases of his discrimination claims.

Accordingly, and for good cause shown,

IT IS ORDERED that the Amended Complaint (#5) will be dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff shall file an second amended complaint by <u>August 15, 2011</u>, or his case may be dismissed with prejudice. Plaintiff is advised that under Local Rule LR 15-1, an amended complaint must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

DATED this 12th day of July, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**